IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | C.R. NO. C-08-025M |
| ROY DEAN BILLS. | § § | |
| | | |
| UNITED STATES OF AMERICA | § § | |
| v. | § § | C.R. NO. C-08-026M |
| MICHAEL BENNETT BLOOD. | § § | |
| | | |
| UNITED STATES OF AMERICA | § § | |
| v. | § § | C.R. NO. C-08-027M |
| JAMES GREGORY DOBBS. | § § | |

## ORDER

Defendants Michael Bennett Blood and James Gregory Dobbs were charged with driving while intoxicated on federal land. Defendant Roy Dean Bills was charged with possession of marijuana in violation of 21 U.S.C. § 844. On January 16, 2008, all three defendants appeared for their initial appearances represented by the same attorney.

### BACKGROUND

On or about September 21, 2007, the three defendants were out for a night on the town together. At some point, Mr. Blood and Mr. Dobbs approached the checkpoint at the Corpus Christi Naval Air Station driving in separate vehicles. At about the same time, Mr. Bills approached the same checkpoint as the passenger in a third vehicle. All three defendants were stopped at the checkpoint and questioned by naval security officers. They were cited for allegedly committing the respective offenses for which they were charged in their criminal informations and then released.

Some time after their citations at the checkpoint, all three defendants met with attorney Scott Courtney to discuss the events and their defenses. He agreed to represent all three defendants in these prosecutions.

The Government filed a notice of related cases concerning all three prosecutions. The assistant United States Attorney objected to the representation of all three defendants by Mr. Courtney, arguing that their defenses would center around the same common events that the three defendants shared prior to their arrival at the checkpoint. Mr. Courtney appeared at the three initial appearances, but never filed his notice of appearance on behalf of any of the defendants.

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI; accord Wheat v. United States, 486 U.S. 153, 158 (1988). This Sixth Amendment right further guarantees that a criminal defendant will be appointed an attorney if that person is unable to afford to hire an attorney. Gideon v. Wainwright, 372 U.S. 335, 343-45 (1963).

When a court is on notice that a possible conflict of interest exists in the representation of a criminal defendant by a specific attorney, it must take adequate steps to safeguard against any conflict developing. See Wheat, 486 U.S. at 160. "Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation." Id. Indeed, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Id.; accord United

States v. Vazquez, 995 F.2d 40, 42 (5th Cir. 1993) (per curiam).

The Fifth Circuit, reviewing a conflict in hindsight, determined that "if a criminal defendant is represented at trial by an attorney, either appointed or retained, who labors under an actual, and not merely a potential, conflict of interest, the defendant has been denied effective assistance of counsel as a matter of law."  United States v. Martinez, 630 F.2d 361, 362 (5th Cir. 1980).  Moreover, prejudice need not be shown.  Id.; United States v. Newell, 315 F.3d 510, 516 (5th Cir. 2002).

An attorney that has represented one defendant and then seeks to represent another co-defendant in a criminal matter has a conflict of interest.  See United States v. Benavides, 664 F.2d 1255, 1259 n.6 (5th Cir. 1982) (discussing a number of cases addressing conflicts of interest).  "A lawyer places himself in an impossible situation when the defense of one client is perforce to the detriment of another client."  Newell, 315 F.3d at 516.  As the Fifth Circuit further explained in Newell:

> When multiple representation exists, the source and consequences of the ethical problem are straightforward: "counsel represents two clients with competing interests and is torn between two duties. Counsel can properly turn in no direction.  He must fail one or do nothing and fail both."

Id. (citation omitted).

In Wheat, the Supreme Court explained the difficulties of determining whether an actual conflict will pose a prejudice to criminal defendants:

> [A] district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly.  The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.

486 U.S. at 162-63.  Accordingly, the Supreme Court determined that "the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Id. at 163; accord Vazquez, 995 F.2d at 42.

Here, Mr. Courtney represents all three defendants on charges stemming from a common nucleus of facts.  Information that any of these defendants have may be significant testimony in the cases against the other defendants.  It may be in the interest of one defendant to testify against another defendant or cooperate in some other manner.  Mr. Courtney's representation of all three defendants creates a conflict of interest for all three defendants.  The appropriate resolution in light of the fact that the prosecution is still in its preliminary stages is for all three defendants to have separate attorneys who can represent them without jeopardizing any of their rights due to the conflict of interest.

It is well established that the Sixth Amendment does not afford a criminal defendant an absolute right to his chosen counsel.  See Wheat, 486 U.S. at 159 ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."); United States v. Izydore, 167 F.3d 213, 220 (5th Cir. 1999) ("the right to counsel of choice is not an unfettered privilege"); United States v. Hughey, 147 F.3d 423, 428 (5th Cir. 1998) ("the Sixth Amendment simply does not provide an inexorable right to representation by a criminal defendant's preferred lawyer"); Neal v. Texas, 870 F.2d 312, 315 (5th Cir. 1989) ("there is no constitutional right to representation by a particular attorney").  Not only the rights of the criminal defendant must be protected, but the integrity of the judicial process must be safeguarded.  Again, as the criminal prosecution is in its early stages, it is best to eliminate the conflict of interest now so that it does

4

not taint the proceedings in the future. Indeed, removal now ensures that the defendant will receive fair representation and a fair trial. See Wheat, 486 U.S. at 159 ("while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"); accord Izydore, 167 F.3d at 220.

## CONCLUSION

It is hereby ORDERED that Mr. Courtney will not be allowed to represent any of the defendants due to the conflict of interest arising from his representation of all three defendants.

ORDERED this 23rd day of January 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE